**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| AKOBIR ABBOS UGLI UKTAMOV,<br><br>Petitioner,<br><br>v.<br><br>ROBERT CERNA, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-1805-D |

**ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Petitioner is a citizen of Uzbekistan who entered the United States in 2023. *Id.* at 1, 5. Petitioner was detained by the U.S. Immigration and Customs Enforcement (ICE) on July 6, 2026, and his removal proceedings are ongoing. *Id.* at 1-2, 5. Petitioner is currently detained at the Diamondback Correctional Facility in Watonga, Oklahoma. *Id.* at 6.

Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). Petitioner alleges that he has not received a bond hearing since his re-detention by ICE. Petitioner seeks release from custody or, alternatively, a bond hearing pursuant to § 1226(a).

Although Respondents respectfully disagree with the Tenth Circuit's decision in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026), they concede that *Santillan Quiroz* controls this Court's decision in this habeas action.

Accordingly, § 1226(a) controls Petitioner's detention, and Petitioner is therefore entitled to a bond hearing. *See Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a).").

**IT IS THEREFORE ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED** in part as set forth herein. Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner.[1] A separate judgment shall be entered.

**IT IS SO ORDERED** this 17th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

[1] Given this determination, the Court declines to address Petitioner's due process claim.